**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernice MacKenzie | No. CV 12-8092-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Federal National Mortgage Association; Wells Fargo Home Mortgage, Inc.; Tiffany & Bosco; MERS | |
| Defendants. | |

Currently pending before the Court is the Motion to Dismiss of Defendants Federal National Mortgage Association ("Federal"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). (Doc. 11.) The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiff Bernice MacKenzie purchased property located at 1030 South Foothills Drive, Dewey, Arizona (the "Property") on November 14, 2006 with a loan in the amount of $361,000 (the "Loan") secured by a Deed of Trust (the "DOT").[1] The DOT names the lender as nonparty Crestar Mortgage and the Trustee as Michael A. Bosco, Jr. The DOT provides that, in the event of default, the Lender, or its successors and assigns, may

---

[1] The Court can consider publicly recorded documents, like the Deed of Trust, without converting this motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

invoke the DOT's power of sale and sell the Property at public auction to the highest bidder.

On March 24, 2010, Mr. Bosco, as Trustee, recorded a Notice of Trustee's Sale. Plaintiff neither reinstated her loan nor had the sale enjoined, so the Trustee's Sale took place on April 11, 2011. Mr. Bosco recorded a Trustee's Deed upon Sale conveying the Property to Fannie Mae on April 15, 2011. On May 31, 2011, Fannie Mae obtained a forcible entry and detainer judgment against Plaintiff requiring Plaintiff to surrender the Property by June 13, 2011.

Plaintiff filed the pending case on May 14, 2012. (Doc. 1.)[2] Plaintiff's Complaint does specifically delineate her claims, but the Complaint appears to contain claims frequently found in mortgage foreclosure litigation. Defendants Federal, Wells Fargo, and MERS filed the pending Rule 12(b)(6) Motion to Dismiss on June 26, 2012, arguing that Plaintiff has failed to state a claim.

## II.   LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plaint statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed

---

[2] Plaintiff previously filed a very similar complaint in this Court, which eventually was dismissed when Plaintiff failed to respond to a motion to dismiss. *MacKenzie v. Wells Fargo Bank, N.A., et al.*, Case No. CV11-8114-PCT-DGC.

factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94-95 (3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS AND CONCLUSION

Plaintiff's Complaint lists several federal statutes, but does not allege how Defendants violated those statutes. Her actual allegations boil down to the following arguments: Defendants did not have "standing" to foreclose her home and were not "real parties in interest" because Defendants are not the holders of the note evidencing the Loan; the Deed and Note were impermissibly "separated;" the Note was illegally securitized; and MERS cannot have a real interest in a mortgage. Plaintiff also implicitly alleges a claim for wrongful foreclosure.

### A.   A.R.S. §33-811(C)

This Court previously has rejected all the legal theories asserted by Plaintiff. Arizona courts and this Court repeatedly have held that a party does not have to produce the original note before the party can foreclose in Arizona, which is a statutory deed of trust state. *See, e.g., Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 783-84 (Ariz. 2012). Courts also have rejected foreclosure plaintiffs' "impermissible separation of the deed and note" theory of liability. *See, e.g., Owens v. Reconstruct Co.*, 2011 WL 3684473 at *3 (D. Ariz. August 23, 2011). Nor have courts recognized a cause of action for the sale of loans into the secondary market or "securitization." *See, e.g., Harding v. U.S. Bank, N.A.*, 2012 WL 3871506 at *3 (D. Ariz. Sept. 6, 2012). Finally, courts have rejected the argument that MERS is a "sham" beneficiary because it has no actual interest in the loan. *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160 at *10 (D. Ariz. Sept. 24, 2009).

But even if any of those legal theories were viable, Plaintiff waived them because she did not obtain an injunction at least one day before the Trustee's Sale of the Property.

Section 33-811(C) of the Arizona Revised Statutes reads in pertinent part:

> The trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to §33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting

> relief pursuant to Rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of sale.

Plaintiff indisputably did not obtain injunctive relief before the Trustee Sale of the Property.

A trustor, like Plaintiff, waives all defenses and objections to the trustee sale not raised in an action resulting in injunctive relief awarded at least one business day before the trustee sale. Because Plaintiff did not obtain an order enjoining the Trustee Sale of the Property, she waived all claims that would have provided defenses or objections to the sale. *Madison v. Groseth*, 279 P.3d 633, 637-38 (Ariz. Ct. App. 2012). The Court finds Plaintiff could have raised all the arguments she makes in her Complaint, except for the wrongful foreclosure claim, in a motion to enjoin the Trustee Sale. Because all those arguments could have provided defenses or objections to the Trustee Sale, Plaintiff has waived them.

### B.    **Wrongful Foreclosure**

Plaintiff asserts throughout the Complaint that Defendants had no right to foreclose on the Property, which the Court will construe as an attempt to state a claim for wrongful foreclosure. Although Arizona state courts have not yet explicitly recognized a cause of action for wrongful foreclosure, this Court has. *See, e.g., Schrock v. Federal Nat'l Mortg. Assoc.*, 2011 WL 3348227 at *6 (D. Ariz. August 3, 2011). The Court has held that the tort of wrongful foreclosure is not waived by A.R.S. section 33-811(C) because it is only ripe once a foreclosure sale has occurred. *Id*.

To establish a claim for wrongful foreclosure, Plaintiff must prove that either she was not in default at the time of the foreclosure or that the foreclosing party caused her default. *See, e.g.*, *Holt v. Countrywide Home Loans, Inc.*, 2012 WL 369591 at *4 (D. Ariz. Feb. 6, 2012); *Jada v. Wells Fargo Bank, N.A.*, 2011 WL 3267330 at *3 (D. Ariz. July 29, 2011). Plaintiff never alleges that she was not in default on the Loan at the time of the foreclosure or that the foreclosing party caused her failure to make Loan payments.

Rather, her allegations center on Defendants not being the appropriate parties, for various reasons, to foreclose on the Property. Because Plaintiff does not allege that she was current on the Loan at the time of the Trustee Sale, she cannot state a claim for wrongful foreclosure.

Accordingly,

**IT IS ORDERED** GRANTING Defendants' Motion to Dismiss (Doc. 11). This case is dismissed in its entirety.

Dated this 2nd day of October, 2012.

_____
James A. Teilborg
United States District Judge