**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernice MacKenzie,<br><br>  Plaintiff,<br><br>v.<br><br>Federal National Mortgage Association;<br>Wells Fargo Home Mortgage, Inc.;<br>Tiffany & Bosco; MERS,<br><br>  Defendants. | No. 12-CV-8092-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Attorneys' Fees (Doc. 16). Defendants have also filed a notice of errata correcting their estimate of fees (Doc. 17), a Memorandum Supporting their motion (Doc. 18), and a Notice of Non-Opposition to their motion (Doc. 19). The Court will grant Defendants' motion for the following reasons.

## I.   BACKGROUND

Plaintiff Bernice MacKenzie purchased property located at 1030 South Foothills Drive, Dewey, Arizona (the "Property") on November 14, 2006 with a loan in the amount of $361,000 (the "Loan") secured by a Deed of Trust (the "DOT"). The DOT names the lender as nonparty Crestar Mortgage and the Trustee as Michael A. Bosco, Jr. The DOT provides that, in the event of default, the Lender, or its successors and assigns, may invoke the DOT's power of sale and sell the Property at public auction to the highest bidder.

On March 24, 2010, Mr. Bosco, as Trustee, recorded a Notice of Trustee's Sale. Plaintiff neither reinstated her loan nor had the sale enjoined, so the Trustee's Sale took

1 place on April 11, 2011.  Mr. Bosco recorded a Trustee's Deed upon Sale conveying the
2 Property to Fannie Mae on April 15, 2011.  On May 31, 2011, Fannie Mae obtained a
3 forcible entry and detainer judgment against Plaintiff requiring Plaintiff to surrender the
4 Property by June 13, 2011.

5 On May 14, 2012, Plaintiff *pro se* filed a complaint against Defendants in this
6 Court alleging various claims found in mortgage foreclosure litigation that Arizona courts
7 and this Court have repeatedly dismissed.  Specifically, Plaintiff alleged Defendants did
8 not have "standing" to foreclose her home and were not "real parties in interest" because
9 Defendants are not the holders of the note evidencing the Loan; the Deed and Note were
10 impermissibly "separated;" the Note was illegally securitized; and MERS cannot have a
11 real interest in a mortgage.  Plaintiff also implicitly alleged a claim for wrongful
12 foreclosure. (Doc. 1).  Defendants filed a motion to dismiss the Complaint on June 26,
13 2012, arguing Plaintiff had failed to state a claim upon which relief can be granted. (Doc.
14 11).  On October 3, 2012, the Court dismissed the Complaint in its entirety and the Clerk
15 of the Court entered judgment in favor of Defendants and against Plaintiff. (Docs. 14 &
16 15).

17 On October 17, 2012, Defendants filed the pending Motion for Attorneys' Fees
18 (Doc. 16) alleging they are entitled to reasonable fees in the amount of $6,000.00[1].
19 Plaintiff has not filed a response and the time frame in which to file a response has
20 expired.

21 **II.     ANALYSIS**

22 Defendants contend that they are entitled to attorneys' fees as the prevailing party
23 pursuant to A.R.S. § 12-341(A) & (C). (Doc. 18 at 2).  Under Arizona law, "[i]n any
24 contested action arising out of a contract, express or implied, the court may award the
25 successful party reasonable attorney fees."  A.R.S. § 12–341.01(A).  The trial court has

---

[1] In the Motion for Attorneys' Fees, Defendants requested $9,000.00. (Doc. 16 at 3). However, Defendants filed a notice of errata to their motion for attorneys' fees stating that the true and correct estimate of attorneys' fees and related non-taxable expenses is $6,000.00. (Doc. 17).  Defendants have also filed a Memorandum Supporting their motion justifying this amount. (Doc. 18).

discretion regarding an award of attorneys' fees. *See Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). To determine whether to award attorneys' fees, courts consider the merits of the unsuccessful party's claim, whether the successful party's efforts were completely superfluous in achieving the ultimate result, whether assessing fees against the unsuccessful party would cause extreme hardship, whether the successful party prevailed with respect to all relief sought, whether the legal question presented was novel or had been previously adjudicated, and whether a fee award would discourage other parties with tenable claims from litigating. *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). No single factor can be determinative and the court is to weigh all of the factors in exercising its discretion. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

Plaintiff's failure to respond has made the Court's task of balancing these factors a difficult one. *See* LRCiv 7.2(i) (stating that if the required answering memoranda are not served and filed, such noncompliance may be deemed consent to the granting of the motion and the Court may dispose of the motion summarily.). Nonetheless, the Court will consider each of the necessary factors to determine if Moving Defendants are entitled to an award of attorneys' fees.

In this case, Plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 12(b)(6) and asserted causes of actions that have repeatedly been rejected by this Court. Accordingly, the first factor favors granting the Motion for Attorneys' Fees. The Moving Defendants filed a Motion to Dismiss and the Motion to Dismiss was granted by this Court. Accordingly, Defendants' actions were not completely superfluous in achieving the ultimate result and the second factor favors granting the Motion for Attorneys' Fees. With regard to the third factor, Plaintiff has presented no evidence that assessing fees would cause extreme hardship, and thus, this factor favors granting the Motion for Attorneys' Fees. With regard to the fourth factor, Defendants did prevail on all relief sought and this factor favors granting attorneys' fees. With regard to the fifth factor, as noted above, Plaintiff's legal theories were not novel and had been previously

1  rejected by this Court. Accordingly, the fifth factor favors granting attorneys' fees.

2  With regard to the sixth factor, Plaintiff's claims have been previously rejected by
3  this Court. Accordingly, granting attorneys' fees in this case would not discourage other
4  parties with tenable claims from litigation.

5  Assuming a party establishes its eligibility for fees, "the burden shifts to the party
6  opposing the fee award to demonstrate the impropriety or unreasonableness of the
7  requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz.
8  Ct. App. 2007). As noted above, Plaintiff has not challenged the reasonableness of the
9  fees requested.

10 Based on the foregoing, the Court will award Defendants attorneys' fees in the
11 amount of $6,000.00.

12 **III.  CONCLUSION**

13 Based on the foregoing,

14 **IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 16) is
15 granted in the amount of $6,000.00.

16 Dated this 4th day of September, 2013.

James A. Teilborg
Senior United States District Judge

- 4 -